# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MITEK SYSTEMS, INC., § § § Plaintiff, § § v. § § UNITED SERVICES AUTOMOBILE § ASSOCIATION, § § Defendant. § § § | Civil Action No. 2:20-cv-00115-JRG |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S
SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

In response to the Supplemental Brief submitted by Mitek (Dkt. 65), Defendant USAA submits this brief in further support of its Motion to Dismiss (Dkt. No. 19).

There is no merit to Mitek's argument that USAA's January 2021 settlement with Wells Fargo and September 2020 complaint against PNC support jurisdiction over Mitek's complaint. First, Mitek's complaint was filed in November of 2019. As Mitek's counsel acknowledges, "the analysis needs to be at the time we filed suit." Dkt. 58 (Tr. of 7-15-20 Hearing), at 35:14-15. It is well-settled that "later events may not create jurisdiction where none existed at the time of filing[.]" *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008).

Even if these subsequent events were properly considered, moreover, they merely further confirm the absence of declaratory judgment jurisdiction.

***Wells Fargo Settlement***. Mitek argues that "USAA predicates nearly its entire argument [to dismiss] on the pendency of its lawsuits against Wells Fargo" and that the recent settlement thus negates USAA's argument. However, the only relevance of the Wells Fargo litigation to USAA's motion to dismiss was that *Mitek* attempted in its complaint to rely on it as the jurisdictional predicate. *See* Compl. at ¶ 9-12. USAA explained in its motion that the Wells Fargo litigation could not establish the requisite imminent threat of injury, including because Mitek did not intervene or indemnify, and Mitek's corporate representative testified under oath that Wells Fargo, not Mitek, decides how to operate the infringing systems (stating that it is "up to the banks or the user to decide"). Dkt. 19 at 5, 8-13. The subsequent settlement, if anything, confirms the absence of jurisdiction. Since the litigation did not create an imminent threat to Mitek while it was pending, it clearly is not an imminent threat now that it is resolved.

***PNC Lawsuit***. Mitek's suggestion that jurisdiction over its complaint can now be predicated on USAA's claims against PNC has no merit. Mitek's complaint contains no allegations

about PNC. It vaguely refers to unnamed customers who received letters, but Mitek does not allege even now that PNC is one of these entities. Further, any theory raised now regarding the PNC litigation would suffer from exactly the same defects as Mitek's unavailing prior attempt to rely on the USAA-Wells Fargo litigation.

First, neither USAA nor Mitek has ever taken the position that Mitek is responsible for PNC's infringement and Mitek has again elected not to intervene. To the contrary, Mitek recently represented to the Patent Trial and Appeal Board in post-grant proceedings regarding the patents asserted against PNC (the '571 and '779 patents) that (1) "Patent Owner has never accused or even threatened Mitek of infringement of the challenged patent[s]" and (2) Mitek's software "performs only some (but not all) of the limitations of any claim of the challenged patent[s]." *See* Ex. 1. These representations to the PTAB by Mitek are wholly inconsistent with Mitek's attempt to maintain a declaratory judgment suit. USAA also has been clear that, just as Wells Fargo developed its own systems and was responsible for its own decision to infringe, it is PNC who develops and controls PNC's infringing systems and is willfully infringing.

Mitek's supplemental brief states that PNC "demanded indemnification from Mitek," but this statement is both irrelevant and demonstrably incorrect. Neither PNC nor Mitek has produced any correspondence between them. The letters attached to Mitek's brief are a request from PNC to third party **NCR** for indemnity (which PNC has confirmed NCR has not accepted) and a request from **NCR** to Mitek for indemnity (which Mitek admits it has not accepted). Moreover, it is well-settled that mere "requests for indemnification" do not confer subject matter jurisdiction. *Microsoft v. DataTern*, 755 F.3d 899, 904 (Fed. Cir. 2014) ("Appellees seek to broaden our precedent quite substantially by arguing that a customer request to indemnify ought to give rise to standing, without regard, it appears, to the merit of the customer request. This cannot be."). Mitek provides

no suggestion that the NCR request is meritorious. To the contrary, Mitek represented to its investors in February that it "does not believe it is obligated to indemnify NCR Corporation or end-users of NCR Corporation resulting from the patent infringement allegations by USAA." Ex. 2 (Mitek 10-Q), at 21. During meet-and-confer, Mitek refused to disclose its reply to NCR or whether it has ever corresponded with PNC. In sum, Mitek continues to maintain the non-position it took at the hearing on USAA's motion to dismiss. Dkt. 58 at 25:3-5 (Mitek counsel: "[T]he record is clear that we do not take the position that we admit an indemnity obligation exists").

Moreover, Mitek's insinuation that it could have an indemnity dispute with **NCR** could never warrant the exercise of declaratory judgment jurisdiction with respect to USAA's patents. When an obligation to indemnify confers subject matter jurisdiction, it is because the supplier "stand[s] in the shoes of the customers and would be representing the interests of their customers because of their legal obligation to indemnify." *DataTern*, 755 F.3d at 904. Here, Mitek could never stand in the shoes of **PNC**, as PNC contends that Mitek is at best an indirect vendor and had no involvement in creating its accused system beyond sourcing one of several components. Ex. 3 at 4, n.3 ("PNC contracts with NCR and not Mitek, and thus it is NCR's employees who assist PNC with implementing the software."); 12 (arguing that the location of Mitek witnesses carries little weight because the case "indisputably implicates other vendors.").

In sum, like the USAA-Wells Fargo litigation, the PNC suit fails to satisfy Mitek's burden of demonstrating that USAA has directed any affirmative act of enforcement at Mitek, or that USAA has directed any claims or threatened claims toward any entity who Mitek has a legal obligation to indemnify. For these reasons, as well as those presented in USAA's earlier briefing and argument, the Court should grant USAA's motion to dismiss.

- 4 -

DATED:  March 30, 2021          Respectfully submitted,

By: */s/ Robert C. Bunt*

Robert C. Bunt
TX Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, Texas 75702
rcbunt@pbatyler.com
Telephone: (903) 531-3535

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Lisa Glasser (*pro hac vice*)
lglasser@gmail.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

***Attorneys for Defendant United Services Automobile Association (USAA)***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via the Court's CM/ECF system on March 30, 2021.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
